**SULLIVAN**

v.

**MARYLAND CAS. CO.**

No. 14570.

United States Court of Appeals
Fifth Circuit.

Nov. 24, 1953.

Rehearing Denied Jan. 6, 1954.

W. E. Johnson, White & Yarborough, Dallas, Tex., for appellant.

W. J. Holt, Robert L. Clark, Pat Coon, Ramsey Clark, of Clark, Coon, Holt & Fisher, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

The suit was under the Texas Workmen's Compensation Act. Vernon's Ann. Civ.St.Tex. art. 8306 et seq. The claim was: that within the scope and coverage of the act, appellant had suffered two injuries, one in March of 1952 and another on June 3, 1952; that he had given notice and filed claim as provided by law; that the Industrial Accident Board had rendered a final award; and that plaintiff had given timely notice of dissatisfaction with the award and had timely filed suit to recover the compensation to which he was entitled.

In response to plaintiff's petition, the defendant filed a plea of lack of jurisdiction and to abate the suit. This plea alleged in substance: that plaintiff had filed two claims with the board, each being docketed under a separate number, No. L–35381 and No. L–34023; and that the board had not rendered a final award in claim No. L–34023. On the basis of the facts so set out, defendant, calling attention to plaintiff's pleading which, though mentioning two accidents, had brought a single suit on both, prayed that the whole suit be dismissed, or, in the alternative, that the court take no jurisdiction of plaintiff's cause in reference to Industrial Accident Board docket No. L–34023.

On the hearing of the plea, it appearing that the proof fully supported it, and counsel for plaintiff admitting that the court was without jurisdiction unless the board had made a final decision, there followed a colloquy [1] between the court and plaintiff's counsel, after and as a result of which an order of dismissal, on defendant's plea to the jurisdiction and abatement, was entered, and this appeal followed.

[1] After plaintiff's counsel had stated, "If Your Honor please, what the matter is is two claims before the Board, with a decision by the Board in one of the claims, from which an appeal is taken. * * * This suit is predicated on that final decision of the Board in that claim", this followed:

"The Court: Not the other one?

"Mr. Yarborough: Yes, sir. This appeal is predicated on the final decision of the Board.

"The Court: But not the other case?

"Mr. Yarborough: Yes, sir, not the other case.

"The Court: You say it is not the other case. This suit is on both cases.

"Mr. Yarborough: This appeal is based upon the decision of the Board, the Board's order, final ruling and decision.

"The Court: In both cases?

"Mr. Yarborough: No, Your Honor.

"The Court: Can't you tell me whether you brought this case here under one or the other?"

"Mr. Yarborough: It is based on the decision that the Board made. We admit the Court does not have jurisdiction unless the Board has made a final decision.

"The Court: Is your suit on both claims or one claim? Answer that question?

"Mr. Yarborough: I can't answer it.

"The Court: Then the motion will be sustained."

Here, while not admitting that the court should have dismissed any part of its claim or suit, appellant's main contention is that certainly it should not have dismissed the suit as to both claims but only as to claim No. L–34023.

Appellee, on its part, urges upon us that since, as appears from the colloquy set out in note 1, supra, the appellant, plaintiff below, did not take corrective steps, by amendment of his petition or otherwise, to eliminate from his suit the claim on which the board had not yet acted, the court properly dismissed the whole cause.

We cannot agree. While we think it would have been better procedure if the plaintiff had taken the proper corrective action by amendment dismissing without prejudice as to claim No. L–34023, his failure so to do furnished ground not for dismissing the action as to both claims in suit but only for its dismissal as to the one claim, No. L–34023, as to which the board had not finally acted.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.